# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| LORENZO L. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 5:12-cv-3818-JFG-JEO |
| MUNICIPAL COURTS OF ) | |
| HUNTSVILLE, ALABAMA, and the ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

This is a habeas action filed pursuant to 28 U.S.C. § 2254 by Loreno L. White, *pro se*. His petition indicates that he is in custody at the Madison County Metro Jail, serving a 360-day sentence on a guilty-plea conviction for driving under the influence ("DUI"), entered in the Huntsville Municipal Court. (Doc.[1] 1 ("Petition" or "Pet.")).  For the reasons that follow, the court concludes that the action is due to be dismissed without prejudice for want of prosectuion.

After White filed the Petition, the court issued a show cause order to the Respondents. (Doc. 3).  The Respondents thereafter moved for and were granted two extensions of time in which to file an Answer.  (Docs. 4, 5; unnumbered docket entries dated 11/29/12 and 12/20/12). White filed a motion thereafter requesting that the court grant the Respondents no further extensions.  (Doc. 6).  After the Respondents filed an Answer on behalf of the State of Alabama

---

[1]References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet.

(Doc. 7), the court issued an order advising that it intended to dispose of the action summarily and notifying White that he might submit evidence and argument in reply. (Doc. 8). The court later issued an order finding as moot White's motion relating to further extensions for Respondents. (Unnumbered docket entry dated May 6, 2013). However, that latter order, mailed to White at the jail address he has supplied to the court, was returned as undeliverable. (Doc. 9). In response, the court issued an order reminding White that it is his obligation to keep the court apprised of his current address and requiring him to show cause in writing by June 21, 2013 why this action should not be dismissed for want of prosecution. (Doc. 10). He was further told that if he failed to provide a current address or otherwise respond, the action would be subject to dismissal without further notice. (*Id.*) That order, too, was returned to the court as undeliverable (Doc. 11), and White has not filed a response to the show cause order.

Under FED. R. CIV. P. Rule 41(b), a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir.1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

Here, the court concludes that no lesser sanction than dismissal will suffice, inasmuch as the court does not know where White is at this time and is unable to contact him to impose any such lesser sanctions. Barring dismissal, the court would have no choice but to leave this matter

open indefinitely hoping that maybe, someday, White decides to resurface and resume his § 2254 action, or at least notify the Clerk of Court as to his present whereabouts. Such a result would be irreconcilable with principles of efficiency and common sense, much less a litigant's duty to prosecute an action with reasonable diligence and to keep the Clerk of Court apprised of his current contact information.  *See United States v. Langford*, 2010 WL 2595007, *1-2 (S.D. Ala. June 24, 2010).

Based on the foregoing, this action is due to be **DISMISSED WITHOUT PREJUDICE**, for want of prosecution.  A separate final order will be entered.

**DONE**, this the 3rd day of July, 2013.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE